Michael E. Day (7843)
    michael@dslaw.com
Nathan Whittaker
    nathan@dslaw.com
DAY SHELL & LILJENQUIST, L.C.
Attorneys for Plaintiffs
45 East Vine Street
Murray, UT  84107
Telephone: (801) 262-6800

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FOUR STAR RANCH, INC., a Utah corporation, and GENE BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN COOPER, an individual, and JOHN DOES 1-10,<br><br>    Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT AND TO JOIN PARTIES**<br><br><br><br>Case No.: 2:08-cv-394<br>Judge: Ted Stewart |

Plaintiffs, by and through counsel, submit the following memorandum and points of authority in support of their motion for leave to amend their complaint in the above-entitled matter and for leave to join parties in this action. Plaintiffs state as follows:

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 20 of the Federal Rules of Civil Procedure provides that "[p]ersons . . .  may be joined in one action as defendants if any right to relief is

asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Through discovery and other investigation, Plaintiffs have learned facts and evidence that would support claims against Suzanne Barfuss, Adrianne Wooten, and Ouray Park Water Improvement District arising out of the same transaction or occurrence as the basis for Plaintiffs' suit against Defendant Alan Cooper. As explained in Plaintiffs' proposed first amended complaint, attached to this memorandum as an Exhibit, Plaintiff believes that Barfuss, Wooten, and the Water District are jointly and severally liable with Defendant Cooper for the violation of Plaintiff FSR's constitutional rights, as well as liable for tortious interference with Plaintiff FSR's economic relations. Finally, Defendant Cooper has moved to allocate fault to Ouray Park Water Improvement District. The Water District and its trustees should be joined to the action and properly represented in court for just and efficient allocation of fault among the parties. For these reasons, justice requires that the Court grant leave for Plaintiffs to amend their complaint and to join additional parties to this action.

CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs leave to amend their complaint and to join parties to this action.

DATED this 31st day of December, 2008.

/S/ Michael E. Day
Michael E. Day
Attorney for Plaintiff