IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FOUR STAR RANCH, INC., a Utah corporation, and GENE BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN COOPER, an individual, and JOHN DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO AMEND COMPLAINT AND TO JOIN PARTIES**<br><br><br>Case No.: 2:08-cv-394 TS<br>District Judge: Ted Stewart<br><br>Magistrate Judge:  David Nuffer |

Plaintiffs have moved this Court for leave to amend their complaint to join parties to the pending action.[1] The Court, having reviewed the motion and other submissions by the parties, GRANTS Plaintiffs' motion.

**Nature of the Case**

Plaintiffs operate a ranch in Uintah County, and are involved in residential development as well as development of a gravel pit and RV park.[2] Plaintiffs filed a complaint alleging that Alan Cooper, a member of the Ouray Park Water Improvement District (OPWID) Board of Trustees, violated equal protection principles of the Fourteenth Amendment by denying Plaintiffs' applications for water hook-ups.[3] In the original complaint,[4] Plaintiffs named only Alan Cooper as Defendant.  Plaintiffs now seek leave to amend the complaint to add OPWID

---

[1] Plaintiffs' Motion to Amend Complaint and to Join Parties, docket no. 18, filed Dec. 31, 2008.
[2] Complaint ¶¶ 1, 8, docket no. 2, filed May 16, 2008.
[3] *Id.* ¶¶ 9-25, 33-40.
[4] *Id.* ¶ 3.

and other members of its Board of Trustees, Suzanne Barfus and Adrianne Wooten, as defendants.[5]

## Discussion

Defendant argues that the motion to amend should be denied for two reasons: (1) Plaintiffs have acted in bad faith by unduly delaying their attempt to join parties and (2) allowing Plaintiffs to join parties will prejudice Defendant.  Defendant alleges that Plaintiffs knew the identities of and the exact roles played by the three prospective defendants more than one and a half years before filing the original complaint, and no new facts came to light during discovery that enlightened Plaintiffs on the identity or role of those potential defendants.[6]  Defendant also argues that allowing Plaintiffs to amend the complaint by adding defendants will necessitate a new discovery schedule, which will prejudice Defendant Cooper because he will "be forced to endure unnecessarily prolonged litigation and unnecessarily increased litigation costs."[7]

Plaintiffs argue that motion to amend is presumptively timely because it was made within the limits of the Scheduling Order, which established December 31, 2008 as the deadline for motions to amend or join parties.[8]  Plaintiffs filed the Motion to Amend on December 31, 2008 just one day after Defendant filed Notice of Intent to Allocate Fault to Ouray Park Water Improvement District (OPWID).[9]  This Notice of Intent to Allocate Fault is Defendant Cooper's assertion that the proposed defendants may be liable to Plaintiff.  The Notice changes the context of the lawsuit, because Defendant Cooper may avoid liability by pointing to the proposed defendants.  To prohibit their joinder as defendants would require a separate and potentially

---

[5] First Amended Complaint attached to Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Amend Complaint and to Join Parties, docket no. 19, filed Dec. 31, 2008.
[6] Defendant's Memorandum in Opposition to Plaintiffs' Motion to Amend Complaint (Opposition Memorandum) at 3-4, docket no. 21, filed Jan. 12, 2009.
[7] *Id.* at 4.
[8] Scheduling Order, docket no. 15, filed Aug. 8, 2008.
[9] Notice of Intent to Allocate Fault by Alan Cooper, docket no. 17, filed Dec. 30, 2008.

inconsistent proceeding against them.  Plaintiffs argue that delay was not undue because the Notice of Intent to Allocate Fault came just the day before the December 31, 2008 deadline to file motions to amend or join parties.

Plaintiffs, while denying their motion was delayed, also argue that any delay in filing their motion was not undue and is justified because discovery produced evidence not known to Plaintiffs when the original complaint was filed regarding both the official policy of OPWID and the exact roles of Suzanne Barfuss and Adrianne Wooten.[10]  Without this evidence, Plaintiffs claim they did not have the requisite information to allege a claim in good faith.[11]

Finally, Plaintiffs argue that leave to amend will not prejudice Defendant because (1) the amendment will not add new subject matter or raise new factual issues that could unfairly affect Defendant[12] and (2) the amendment will likely not affect the schedule in the case.[13]  They also point out that the proposed amended complaint deletes a cause of action, actually improving the efficiency of the litigation.[14]

"The court should freely give leave when justice so requires."[15]  This court finds that justice requires leave to amend Plaintiffs' complaint to add OPWID, Suzanne Barfuss and Adrianne Wooten.

---

[10] Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Amend Complaint and to Join Parties (Reply Memorandum) at 4, docket no. 22, filed Jan. 14, 2009.
[11] *Id.* at 4.
[12] *Id.* at 5.
[13] *Id.* at 5-6.
[14] *Id.* at 5.
[15] Fed. R. Civ. P. 15(a)(2).

## ORDER

IT IS HEREBY ORDERED that the motion to amend[16] is GRANTED.

1. Plaintiffs are granted leave to file the First Amended Complaint as attached to their memorandum in support of their motion to amend. Plaintiffs shall file their First Amended Complaint within 10 days of the entry of this order.

2. Suzanne Barfuss, Adrianne Wooten, and Ouray Park Water Improvement District are hereby joined as Defendants in this matter. Plaintiffs shall serve these parties with a summons and a copy of the First Amended Complaint under Rule 4 of the Federal Rules of Civil Procedure.

DATED this 10th day of February, 2009.

BY THE COURT

*/s/ David Nuffer*

Magistrate Judge David Nuffer

---

[16] Plaintiffs' Motion to Amend Complaint and to Join Parties, docket no. 18, filed Dec. 31, 2008.